893 P.2d 1298

Celina **MONTANO**, a minor, by her next best friend and mother, Norma **MONTA- NO**; and Norma Montano, individually, Plaintiffs/Appellees/Cross–Appellants,

v.

**LEE TIRE & RUBBER COMPANY,** Defendant/Appellant/Cross– Appellee.

**No. 2 CA–CV 94–0314.**

Court of Appeals of Arizona, Division 2, Department A.

April 13, 1995.

Eugene Zlaket, Tucson, and James G. Heckbert, Steamboat Springs, CO, for plaintiffs/appellees/cross-appellants.

Jennings, Strouss & Salmon by William T. Birmingham, M. Byron Lewis and Matthew D. Kleifield, Phoenix, for defendant/appellant/cross-appellee.

*OPINION*

LIVERMORE, Presiding Judge.

Plaintiff Celina Montano was eight years old when she was severely injured as a passenger in her grandparents' car. The car rolled over after a blowout. In this products liability action against Lee Tire & Rubber Company, her damages were assessed at over five million dollars but, because her grandparents were found 40% at fault, her recovery was reduced to $3,100,000. Lee's appeal raises two alleged evidentiary errors and also contends that the verdict was excessive. In a cross-appeal, Montano argues that the trial court should have entered a default judgment as a sanction for discovery violations. We affirm.

Plaintiffs' expert testified that the cause of the blowout was a manufacturing defect. Defendant's expert was of the view that the blowout was caused by a severe impact with some road hazard. Plaintiffs offered the deposition testimony of an employee of Discount Tire, the seller of the tire, that a large number of Lee tires were returned each week for manufacturing defects similar to the one alleged in this case. Lee contends on appeal that this evidence should not have been admitted because the employee was recounting experience after the blowout in this case and was unable to distinguish particular models of Lee tires involved. Essentially the argument is that the testimony was so speculative and amorphous as to be

without value to the jury. While a defect in one tire does not prove a defect in another, we think the testimony relevant in the posture of this case. In assessing which expert to believe, the trier would be aided by evidence that defects in manufacture were not uncommon. Unlike the prevalence of road hazards, which are familiar to most drivers, the average person would not be familiar with the frequency of defective tires caused by the presence of contaminants in the manufacturing process. Without such evidence, the trier might improperly conclude that the cause of the blowout was a road hazard solely because that was something with which individual jurors were more familiar. See generally *Traylor v. Husqvarna Motor,* 988 F.2d 729 (7th Cir.1993).

■ It is next argued that the trial court erred in refusing to admit evidence that initially plaintiffs also sued Discount Tire, alleging negligence in failing to discover the defect, and Celina's grandparents, alleging negligent driving. While an earlier pleading is an admission, we do not believe that the trial court erred in excluding it under Rule 403, Ariz.R.Evid., 17A A.R.S. Had it been admitted, evidence in explanation would also have been introduced. Presumably this would take the form of a lawyer's explanation that all possibly liable parties had been sued to insure that when all the facts were discovered no liable party was absent. Plaintiffs would also testify that all such decisions were made by the lawyers. All of this would lengthen an already lengthy trial to no apparent advantage. Debater's points about party admissions do not render pleadings substantially probative about the real issues in the case.

■ Although the initial discussion of this issue below was on the basis that the complaint should be introduced as an admission by a party, it is now argued that the trial court erred in not permitting proof that Discount Tire and the grandparents were once adverse parties as probative of their bias or the bias of Discount's employees as witnesses. As respects the grandparents, their animus against Lee Tire was obvious and their role as prior defendants would add nothing. As respects the Discount Tire employee, we have been directed to no clear explanation below of this ground of admission. In any event, any error would be harmless.

■ Lee Tire next argues that the total damage award of $5,177,000 was excessive in view of medical special damages of only $120,000 and that the trial court erred in not granting remittitur. The award was large but so were the damages. The accident left Celina with significant cognitive deficits which will make it extremely difficult for her to lead an independent life. Looking at the destruction of any real opportunity for a normal life for this eight-year-old girl, we cannot find the award excessive.

■ By way of cross-appeal, plaintiffs contend that the trial court erred in failing to grant them a default judgment on liability as a sanction for Lee Tire's delay in revealing test results on the tire model at issue in the case. The trial court did instruct the jury that it could draw an adverse inference from any proved misconduct. We view that as a sufficient remedy and conclude that denial of a default was not an abuse of discretion. The jury found that in fact the tire was defective and Lee Tire liable. No prejudice in establishing liability resulted, therefore, from any discovery delict by Lee Tire. We are not told how the test results would in any way have affected the judgment of the degree of comparative fault of Celina's grandparents. Regardless, we are simply unwilling to rule as a matter of law that the failure to disclose in this case justifies the loss of the ability to attribute fault to another. That would involve a $2,000,000 fine on the facts of this case.

Affirmed.

ESPINOSA and FERNANDEZ, JJ., concur.